UNITED STATES of America, Plaintiff-Appellee,

v.

Juan MARTINEZ–NAVARRO, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Martin ENRIQUES–SANCHEZ, Defendant-Appellant.

Nos. 78–3445, 78–3446.

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1979.

Rehearing Denied Oct. 15, 1979.

Michael J. McCabe, Glorene Franco (argued), Michael S. Sideman, San Diego, Cal., for defendants-appellants.

Barbara F. Brown, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., Bruce R. Castetter, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS, WALLACE and TANG, Circuit Judges.

PER CURIAM:

Martinez-Navarro and Enriques-Sanchez assert that the district court impermissibly considered their testimony in a companion trial when fixing their sentences. We conclude that the trial judge, believing they lied while testifying under the grant of immunity, did not err when he considered that fact in determining, within the statutory limits, appropriate sentences.

Martinez-Navarro and Enriques-Sanchez were arrested by Border Patrol agents near the United States border along with a group of illegal aliens. A third person, Palomino-Figueroa, was stopped in the same area about an hour later. Martinez-Navarro and Enriques-Sanchez executed sworn statements that Palomino-Figueroa was "El Socio," the smuggler with whom they had been working.

On September 19, 1978, Martinez-Navarro and Enriques-Sanchez were found guilty at a court trial, on stipulated facts, of violation of 18 U.S.C. § 371, 8 U.S.C. § 1324, and 18 U.S.C. § 2. On September 20, 1978, the district court granted the government's motion compelling them to testify at the trial of codefendant Palomino-Figueroa under a grant of immunity, pursuant to 18 U.S.C. § 6002. During the jury trial, both Martinez-Navarro and Enriques-Sanchez denied making the statements contained in the signed statements. In addition, Enriques-Sanchez testified that Martinez-Navarro was "El Socio" and Martinez-Navarro testified that Enriques-Sanchez was "El Socio." Palomino-Figueroa was acquitted.

On October 30, 1978, Martinez-Navarro and Enriques-Sanchez appeared for sentencing. The district judge stated that a consideration in their sentencing was that he believed they had lied when they testified at the trial of Palomino-Figueroa.

■ A sentencing judge may consider a wide range of information in determining a defendant's sentence. *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *United States v. Stevenson,* 573 F.2d 1105, 1108 (9th Cir. 1978); *United States v. Read,* 534 F.2d 858, 859 (9th Cir. 1976) (per curiam). Indeed, Congress in 1970 enacted 18 U.S.C. § 3577, which provides that "[n]o limitation shall be placed on the information concerning the background,

character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Punishment should be individualized, fitting the offender as well as the crime. *Williams v. New York, supra,* 337 U.S. at 247, 69 S.Ct. 1079; *King v. United States,* 410 F.2d 1127, 1128 (9th Cir. 1969) (per curiam). A defendant's truthfulness while on the witness stand is probative of his prospects for rehabilitation and, therefore, is relevant in determining a sentence. *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). Thus, an assessment by a sentencing judge that a defendant has perjured himself is a proper consideration in determining the length of a sentence within the appropriate statutory range for a particular crime. *Id.; United States v. Lustig,* 555 F.2d 737, 751 (9th Cir. 1977), *cert. denied,* 434 U.S. 926, 98 S.Ct. 408, 54 L.Ed.2d 285 (1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 795 (1978); *see United States v. Cluchette,* 465 F.2d 749, 754 (9th Cir. 1972).[1]

In this case, however, the testimony involved was offered under a grant of immunity. Martinez-Navarro and Enriques-Sanchez assert that the use of such testimony to enhance their sentences was a violation of the immunity granted them under 18 U.S.C. §§ 6002, 6003, and of their Fifth Amendment privilege against self-incrimination.

■ The protection provided by the immunity statute is coextensive with the Fifth Amendment privilege against self-incrimination. *Kastigar v. United States,* 406 U.S. 441, 453, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The object of that privilege " 'was to insure that a person should not be compelled, when acting as a witness in any

---

1. Martinez-Navarro also contends that the district judge used the fact that he believed Martinez-Navarro had perjured himself for purposes of deterrence and punishment rather than for a rehabilitative purpose when sentencing Martinez-Navarro. The record does not bear him out. Indeed, the district judge gave

both attorneys the opportunity to object to his use of the fact that he believed both defendants had perjured themselves and this argument was not raised. Absent a specific objection, it is not the burden of the district judge to state he is using such a belief for rehabilitation purposes.

investigation, to give testimony which might tend to show that he himself had committed a crime.' *Counselman v. Hitchcock,* 142 U.S. 547, 562, 12 S.Ct. 195, 198, 35 L.Ed. 1110 (1892)." *Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). However, the testimony of Martinez-Navarro and Enriques-Sanchez did not subject them to criminal prosecution because of incriminatory facts admitted during the course of that testimony. Nor were their statements used to prove their guilt of a criminal act. They had already been adjudged guilty of the offenses charged. The testimony was only another factor considered by the district court to determine their sentences. In addition, the immunity afforded an individual by the Fifth Amendment does not protect against perjured testimony. *United States v. Wong,* 431 U.S. 174, 178–79, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977); *see United States v. Knox,* 396 U.S. 77, 82, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969). Martinez-Navarro and Enriques-Sanchez also argue that *New Jersey v. Portash,* 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979), forbids the sentencing court from considering the immunized testimony. *Portash* held, however, that a defendant's prior immunized grand jury testimony may not be used to impeach his credibility at his subsequent trial. There is no indication that the Court intended to overrule the long line of cases which allow a judge to consider a wide range of information in sentencing.

AFFIRMED.