**UNITED STATES**

v.

**James M. BROWN, 229 82 4701, Aircrew Survival Equipmentman Airman Apprentice (E–2), U.S. Naval Reserve.**

**NMCM 81 0299.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 July 1980.

Decided 27 Dec. 1982.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LCDR W.A. Dorsey, JAGC, USNR, Appellate Government Counsel.

LT W. David Paxton, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

GLADIS, Senior Judge:

The accused was convicted pursuant to his pleas at a special court-martial composed of officer members of three unauthorized absences totalling 80 days, assault on a superior petty officer, simple assault, and being drunk and disorderly, in violation of Articles 86, 91, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 891, 928, and 934. He was sen-

tenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $290.00 per month for 3 months, and reduction to pay grade E–1. The convening and supervisory authorities approved the sentence as adjudged. We remanded the case for a new staff judge advocate's review and supervisory authority's action. These have been accomplished.

The accused now contends that there was no showing that the convening authority was empowered to convene special courts-martial and that the military judge prejudicially erred by refusing to give an instruction that a bad-conduct discharge is more severe than confinement at hard labor and forfeiture of all pay and allowances for one year. We disagree and affirm.

## I

The accused contends that there was no showing that the convening authority was empowered to convene a special court-martial. The record shows that the court was convened by the Head, Transient Personnel Department, U.S. Naval Station, Norfolk, Virginia, who was authorized pursuant to Article 23, UCMJ, 10 U.S.C. § 823, by the Secretary of the Navy to convene special courts-martial. The fact that the individual who convened the court was a temporary successor to the office is irrelevant. *See United States v. Harrison,* 3 M.J. 1020 (N.C.M.R.1977). Thus, the court which tried the accused was properly convened.

## II

Citing *United States v. Davenport,* No. 79–0859, 8 MLR 2186 (N.C.M.R. 13 March 1980), defense counsel requested that the military judge instruct the members that as a matter of law a sentence to confinement at hard labor for one year and forfeiture of all pay and allowances for the same period is less severe than a bad-conduct discharge. The judge refused to give the requested instruction because he could not advise the members of the maximum punishment for the accused's offenses authorized by the Table of Maximum Punishments, *Manual for Courts-Martial, 1969 (Rev.),* but did in-

struct that as a matter of law a bad-conduct discharge is a more severe punishment than confinement at hard labor for 6 months and forfeiture of two-thirds pay per month for 6 months.

In *Davenport, supra,* a special court-martial case, this panel found that failure to give the instruction requested in this case was error. On further reflection we find that to instruct the members at a special court-martial that confinement at hard labor for one year and total forfeitures for the same period is less severe than a bad-conduct discharge is misleading because it compares an authorized punishment with an irrelevant one. Although, as in this case, the maximum punishment for the accused's offenses authorized by the Table of Maximum Punishments may exceed one year, the maximum punishment that can be imposed by a special court-martial is by law limited to a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of two-thirds pay per month for 6 months, and reduction to pay grade E–1. It is error to inform the members of a special court-martial of the maximum sentence when it exceeds the maximum for a special court-martial. *United States v. Green,* 11 U.S.C. M.A. 478, 29 C.M.R. 294 (1960). A theoretical sentence in excess of what the court can consider is irrelevant to the determination of a sentence at trial. *United States v. Harrison,* 5 M.J. 34, 36 (C.M.A.1978). Therefore, we overrule our holding in *Davenport,* that it is error to refuse to instruct the members of a special court-martial that a sentence to confinement at hard labor for one year is less severe than a bad-conduct discharge. The accused has not been prejudiced by the military judge's refusal to give an irrelevant instruction.

We have examined the issues raised in the accused's request for appellate representation and the comments of individual defense counsel and find them to be without merit.

The findings of guilty and sentence as approved on review below are affirmed.

Judge BYRNE and Judge GARVIN concur.