---

Rudolph W. Giuliani, U.S. Atty. for the Southern Dist. of N.Y., New York City, for United States of America; Bruce A. Green, Asst. U.S. Atty., New York City, of counsel.

Eugene Bogan, New York City, for defendant Orlando Goodman.

Jack Lipson, Legal Aid Society, New York City, for defendant Larry Glover.

## OPINION

EDWARD WEINFELD, District Judge.

Defendant Larry Glover ("Glover") moves to suppress various statements he made following his arrest on April 26, 1984. Fed.R.Crim.P. 41(f). The basis of Glover's motion is his claim that there was no probable cause for his arrest and that, hence, the statements are the "tainted fruit" of the alleged unlawful action of government officials. *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963).

The uncontradicted testimony of New York City Police Officers Robert DiVagno and Michael Goodwin upon an evidentiary hearing of the motion on June 21, 1984, together with the stipulations entered upon the record, establishes the following facts:

(1) On the evening of and shortly before defendant's arrest, New York City police officers were engaged in a "buy and bust" operation in the vicinity of West 116th Street and Seventh Avenue, Manhattan, an area known for its high volume of narcotics-related activities; at about 6 p.m. an undercover agent had purchased heroin from an unnamed individual; the seller had taken the purchase price of the heroin from the agent, entered the hallway of the premises at 220 West 116th Street, rejoined the agent, returned to the building, and again rejoined the agent and handed the heroin over to him;

(2) Upon consummation of the transaction, other officers were alerted by radio transmission of its occurrence and of the unknown seller's entry into the hallway of 220 West 116th Street, New York City; Police Officers DiVagno, Goodwin, and Brian Daly proceeded forthwith to the premises;

(3) Upon their entry into the building, the officers observed Glover and another individual standing together on a small landing in the stairwell between the first and second floors; when the officers announced themselves, the individual standing with Glover ran up the stairs;

(4) When officers reached the landing, they observed four glassine envelopes, containing white powder, near defendant's feet, at which time he was arrested.

Under Federal law, it is a crime to "possess with intent to ... distribute ... a controlled substance," 21 U.S.C. § 841(a), to conspire to do so, *id.* § 846, or to aid or abet another to do so, 18 U.S.C. § 2. Although " '[m]ere presence in the area where ... contraband is discovered or mere association with the person who does control the contraband or the property where it is concealed does not support a finding of possession,' " *United States v. Noble,* 653 F.2d 34, 36 n. 1 (1st Cir.1981), "it is only a probability, and not [even] a prima facie showing of criminality, that is the standard of probable cause." *United States v. Travisano,* 724 F.2d 341, 346 (2d Cir.1983).

The sale, immediately preceeding Glover's arrest, of heroin, which apparently had been obtained by the seller from a person or persons in the premises at 220 West 116th Street, the officers' forthwith entry into the building, the presence of only Glover and another individual on the open stairway landing, and the location of glassine envelopes, apparently containing narcotics, near defendant's feet, sufficiently show there was probable cause for Glover's arrest—that there was an ongoing narcotics conspiracy of which Glover was a member. That Glover did not flee or was not seen with narcotics in his actual physical possession does not refute this conclusion. *See United States v. Swiderski,* 548 F.2d 445, 449 (2d Cir.1977). At the time of his arrest, Glover was observed having immediate access to glassine envelopes that probably contained narcotics. He was seen standing on a small stairway landing with another individual, who ran when the police announced themselves. The officers knew that the building in which he was found was used to facilitate street sales of narcotics. *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), upon which Glover relies, and which involved an arrest of an individual who "was present, along with several other customers, in a public tavern at a time when the police had reason to believe that the bartender would have heroin for sale," *id.* at 91, 100 S.Ct. at 342, is hardly factually similar to this case.

The motion to suppress is denied.

So ordered.