UNITED STATES, Appellee,

v.

Private (E-1) Michael D. HOLLAND,
264–81–4422, United States
Army, Appellant.

SPCM 18591.

U.S. Army Court of Military Review.

8 Jan. 1985.

Major Robert C. Rhodes, JAGC, Captain James A. McAtamney, JAGC, and Captain Bernard P. Ingold, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

OPINION OF THE COURT

WOLD, Senior Judge:

Based on his pleas of guilty, appellant was convicted of two specifications of will-

ful disobedience of a superior noncommissioned officer, one specification of disrespect toward a superior noncommissioned officer, and one specification of assault on a superior noncommissioned officer, in violation of Article 91, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 891 (1976); three specifications of simple assault, one specification of assault with a dangerous weapon and one specification of assault and battery upon a military policeman, in violation of Article 128, UCMJ, 10 U.S.C. § 928 (1976); and two specifications of communication of a threat in violation of Article 134, UCMJ, 10 U.S.C. § 934 (1976). A special court-martial with members sentenced appellant to a bad-conduct discharge, confinement at hard labor for six months and forfeiture of $367.00 pay per month for six months. Pursuant to a pretrial agreement, the convening authority approved only the bad-conduct discharge, confinement at hard labor for three months and forfeiture of $367.00 pay per month for three months.

We will address issues relating to the refusal of the trial judge to instruct the members during the sentencing proceedings that a bad-conduct discharge is equal in severity to confinement at hard labor for one year and to the failure of the post-trial review to note that certain of the specifications were multiplicious for sentencing purposes.

## I. INSTRUCTIONS ON SENTENCING

■ Trial defense counsel requested the trial judge to include in his sentencing instructions a statement that a bad-conduct discharge is the equivalent of one year's confinement at hard labor. The trial judge refused this request. One element of trial defense counsel's strategy was to concede a bad-conduct discharge in exchange for minimal confinement if the members felt that severe punishment in any form was warranted. Appellant contends that the trial judge's refusal to give the requested instruction improperly frustrated this trial strategy.

Appellant points out that the Military Judges' Benchbook[1] states that the trial judge may instruct the members that "as a matter of law, a sentence to confinement at hard labor for 1 year and forfeiture of all pay and allowances for a like period is a less severe penalty than a bad-conduct discharge." For the validity of this instruction, appellant relies on *United States v. Darusin*, 43 C.M.R. 194 (C.M.A.1971) (bad-conduct discharge is more severe than confinement for one year for purpose of determining maximum sentence at rehearing) and *United States v. Carrier*, 50 C.M.R. 135 (A.F.C.M.R.1975) (bad-conduct discharge is more severe than confinement for one year for the purpose of determining whether convening authority increased adjudged sentence by exercise of power of commutation). Appellant's argument fails to take into account the impact of the concept of individualized sentencing, which compels us to reject his contention.

The concept of individualized sentencing is basic to our system of criminal law. *See United States v. Weatherford*, 42 C.M.R. 26 (C.M.A.1970).[2] "Any kind of mechanical sentencing that steadfastly ignores individual differences is to be avoided." *United States v. Foss*, 501 F.2d 522, 527 (1st Cir. 1974). "Fixed formulae" for sentencing are impermissible. *United States v. Mamaluy*, 27 C.M.R. 176 (C.M.A.1959).

The requested instruction is the sort of fixed, mechanical formula which is antithetical to individualized sentencing. It tells the members of the court-martial that they must accept and apply the proposition that:

---

**1.** Department of Army Pamphlet 27–9, Military Judges' Benchbook, (May 1982) para. 2–48.

**2.** *See also United States v. Martinez-Navarro*, 604 F.2d 1184 (9th Cir.1979), *cert. denied sub nom, Enriques-Sanchez v. United States*, 444 U.S. 1084, 100 S.Ct. 1041, 62 L.Ed.2d 769 (1980)

(punishment should be individualized, fitting offender as well as crime); *United States v. Lania*, 9 M.J. 100 (C.M.A.1980) (court-martial must individualize consideration of sentence, including circumstances of case and character and propensities of accused).

$$BCD = CHL \times 1\ YR$$

where "BCD" means bad-conduct discharge, and "CHL × 1 YR" means confinement at hard labor for one year. This is unacceptable because it requires the members to consider as true that which may well be false.

An accused who has heavy and immediate family responsibilities may suffer far more from any period of confinement than from a bad-conduct discharge. A multitude of other circumstances could enhance the actual severity of either confinement or discharge in a particular case. *See United States v. Weatherford, supra.* Given the requested instruction, the sentencing authority is permitted no latitude for evaluating the actual severity of confinement as compared with a bad-conduct discharge when applied to a particular accused in light of his unique character, propensities and circumstances. Nor do the *rationes decidendi* of *Darusin* and *Carrier, supra,* extend to this application. To construe them so would be to create an artificial conflict between them and the precedents which require individualized sentencing.

We hold that *Darusin* and *Carrier, supra,* do not require that the requested instruction be given at trial; that the Benchbook's advice to trial judges is legally incorrect; and that the requested instruction has no proper place in sentencing proceedings at trial.[3]

■ Trial judges may be called upon to comment on the relative severity of sentences in other connections, such as where the members experience difficulty in deciding the order in which proposed sentences should be voted on. If the trial judge, at the request of counsel or the members or on his own initiative, deems it appropriate to comment on the severity of possible sentences or punishments, he should restrict his comments to factual matters which will assist the members in making their own evaluation of the severity of a punishment in light of the circumstances of the case at bar. He should avoid conclusory statements about the relative severity of punishments. For example, paragraph 2–48, *Benchbook, supra,* also contains the suggested instruction,

> You should bear in mind that either type of punitive discharge and its consequences remain with the accused for the rest of his life, whereas (period of confinement, once served) (or) (money once forfeited) does not have the same ineradicable stigma.

The general thrust of this instruction, *i.e.,* that a punitive discharge is permanent, while a term of confinement or forfeitures comes to an end, is proper. Such factual information can properly assist the members in their task. The statement that any punitive discharge will do more harm to the accused's reputation than will a term of confinement is not necessarily true in all cases and should be excluded from the instruction or modified.

■ Thus, we do not suggest that all comments concerning the relative severity of punishments are improper. Comments which are true in all cases do not violate the mandate for individualized sentencing. Comments within this class appear to be confined to comparisons of punishments which are of the same kind but differ in amount. For example, we can imagine no circumstance in which confinement at hard labor for five years would be less onerous than confinement at hard labor for one year, nor in which total forfeitures would be less onerous than partial forfeitures. Comparisons of different kinds of punishments, on the other hand, will ordinarily lead to the problems inherent in the instruction at issue in this case.

---

3. The recent opinion of the United States Air Force Court of Military Review, published in *United States v. Cavalier,* 17 M.J. 573 (A.F.C.M.R.1983), *pet. denied,* 17 M.J. 433 (C.M.A.1984), reaches the same conclusion on similar reasoning. The Navy-Marine Court of Military Review has also rejected the instruction for special courts-martial based on reasoning which we do not here adopt. *United States v. Brown,* 15 M.J. 620 (N.M.C.M.R.1982), *pet. denied,* 16 M.J. 154 (C.M.A.1983).

## II. MULTIPLICITY FOR SENTENCING

■ The trial judge held various offenses committed by appellant multiplicious for sentence consideration,[4] but the post-trial review failed to inform the convening authority of this circumstance. This was error. Appellant's separate offenses included two instances of willful disobedience of a superior noncommissioned officer, assault and battery on a superior noncommissioned officer, assault and battery on a military policeman, assault on a soldier with his fist, assault on another soldier with a knife, and communication of a threat. As noted above, the convening authority disapproved half of the adjudged confinement and forfeitures in compliance with the pretrial agreement. We are satisfied that there is no fair risk that the convening authority's action was affected by the error in the post-trial review. Based upon the failure of trial defense counsel to note the error in his response to the post-trial review[5] and based upon the lack of prejudice to appellant, no remedial action is appropriate.

We have considered the remaining assignment of error and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON concurs.

Judge COHEN concurs in the result.

---

4. Verbal disrespect to a noncommissioned officer multiplicious with disobedience of the noncommissioned officer; communication of a threat multiplicious with an assault; and two assaults and one communication of a threat multiplicious with each other.

5. *See United States v. Barnes*, 3 M.J. 406 (C.M.A. 1977).