**UNITED STATES, Appellee,**

v.

**Private E-1 Melvin L. BROWN,
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, United States
Army, Appellant.**

**SPCM 21654.**

U.S. Army Court of Military Review.

21 Jan. 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Lorraine Lee, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Major Robert L. Swann, JAGC (on brief).

Before RABY, CARMICHAEL and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was convicted of a failure to repair, breach of restriction, wrongful communication of a threat, disrespect towards a noncommissioned officer, and disobedience of a lawful order of a noncommissioned officer, in violation of Articles 86, 134, and 91, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 934, and 891 (1982), respectively.

At trial the military judge held that the offenses of disobeying a lawful order, disrespect toward a noncommissioned officer, and communication of a threat were multiplicious for sentencing purposes. Appellant asserts that the staff judge advocate's failure to inform the convening authority of the military judge's multiplicity ruling in the post-trial recommendation constitutes error. We disagree.

Rule for Courts-Martial [hereinafter referred to as RCM] 1106(d)(3)(A)–(E) prescribes the required contents of a staff judge advocate's post-trial recommenda-

tion. This is an inclusive listing. If a matter is not expressly mentioned in this subsection of the rules, it is not required to be contained in the post-trial recommendation.[1] Rule for Courts-Martial 1106(d)(3) does not require that the post-trial recommendation contain any reference to a military judge's rulings regarding multiplicity for either findings or sentencing purposes; therefore, such a requirement does not exist.

Congress clearly intended that the *primary responsibility* for presenting matters to the convening authority during the post-trial procedures which might favorably impact upon an accused would rest with the accused and his trial defense counsel. *See United States v. Davis,* 20 M.J. 980, 982 (A.C.M.R.1985), *pet. denied,* 21 M.J. 315 (C.M.A.1985). The President, in implementing Article 60(d), UCMJ, 10 U.S.C. § 860(d) (Supp. I 1983) has provided a procedure for an accused to bring to the convening authority's attention any matter in the post-trial recommendations which the accused believes "to be erroneous, *inadequate* or misleading", and the accused "may comment on any other matter." (Emphasis added.) RCM 1106(f)(4). Thus, there exists no compelling reason for us to judicially create further procedures to assist an accused. The issue is simple—who must present these matters to the convening authority? The answer is simple—accused or his counsel.

Moreover, since neither appellant nor his counsel timely commented on the staff judge advocate's recommendation, or commented on the military judge's multiplicity rulings, all later claims of an inadequate staff judge advocate's recommendation based on these matters are waived. Article 60(d), UCMJ; RCM 1106(f)(6); *United States v. Davis,* 20 M.J. at 983. We again repeat, *ex rigore juris,*[2] that

---

1. One unique problem has surfaced, however, when the post-trial recommendation fails to inform the convening authority of the military judge's recommendation for sentence suspension. *See generally, United States v. Davis,* 20 M.J. 1015 (A.C.M.R.1985). It would seem desir-

able to amend RCM 1106(d)(3) to require that a military judge's recommendation for total or partial sentence suspension be included.

2. According to the rigor or strictness of (the) law.

"rarely will an omission or inaccuracy in the post-trial recommendation now rise to the level of plain error." [3,4]

Appellant's other assignments of error are without merit.

The findings of guilty and the sentence are affirmed.

**3.** Appellant inaccurately cites *United States v. Holland,* 19 M.J. 883 (A.C.M.R.1985), in support of his assertion. This case was a pre-Manual for Courts-Martial, United States, 1984, case and is not precedent for evaluating the sufficiency of post-trial recommendations pertaining to cases tried after the effective date of the Military Justice Act of 1983 and the Manual for Courts-Martial, United States, 1984.

**4.** Assuming *arguendo* that an error had occurred in the post-trial recommendation phase of appellant's conviction, normally this would be the type of error which Congress expects this court to correct without return of the record to the convening authority. *See United States v. Davis,* 20 M.J. at 983.