952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Pius AILEMEN, Defendant-Appellant.
 No. 90-10375.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1991.*
Decided Dec. 17, 1991.
 
 Before CHOY, WILLIAM A. NORRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ailemen appeals the District Court's imposition of the maximum prison sentence under 18 U.S.C. § 1542 for making false statements in a passport application. We affirm.
 
 I. PROCEDURAL AND FACTUAL BACKGROUND
 
 3
 The indictment against Ailemen included one count of conspiracy to import heroin, one count of conspiracy to distribute heroin, two counts of possession of heroin with the intent to distribute, one count of interstate transportation to distribute the proceeds of an unlawful activity, one count of making a false statement to a United States agency, and one count of making false statements in an application for a passport.[1]
 
 
 4
 The jury acquitted Ailemen on the first six counts, but found him guilty of making false statements in a passport application in violation of 18 U.S.C. § 1542. The district court sentenced Ailemen to five years in prison, the statutory maximum, a fine of $10,000, and a special penalty assessment of $50. Before announcing the sentence, the district court made the following statement:
 
 
 5
 I think you're probably one of the most luckiest [sic] defendants I've seen for a long time because in the facts of the scene, I don't know what this jury did when the jury was thinking about it....
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 I never heard a case where a person was more guilty than you were in these particular counts, nor when you took the stand did I ever hear a person, in twenty-five years on the bench, anybody lie as much as you did. The defense--I wasn't smuggling heroin in the United States. I was smuggling diamonds in the United States.
 
 
 9
 For anybody to believe your testimony he has got to be thinking about something else other than being here in Court. And so I just can't believe that when you got on the stand, and you cried before the jury and you lied and what have you, that this did make an impression to the jury. They believed you, but I certainly didn't believe you. That is for another situation.
 
 
 10
 On that particular situation of the passports and coming into the country and the amount of documents that were found at your residence with reference to that, and the activity that you have had here, I think the type of sophistication of your getting a false passport and coming to this country shows more than just what the ordinary person that is coming into this country to seek refuge or seek asylum.
 
 
 11
 Ailemen challenges his sentence on the ground that the district court, in fixing his sentence, improperly assumed that Ailemen was guilty of charges one through six.
 
 II. DISCUSSION
 
 12
 A. The District Court's Prison Sentence Was Proper.
 
 
 13
 District courts have broad discretion to consider information from a wide variety of sources in order to individualize the criminal sentence. Williams v. New York, 337 U.S. 241 (1949); United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), petition for cert. filed, No. 91-6287 (Oct. 28, 1991); see also 18 U.S.C. § 3577 (no limit on "information concerning the background, character, and conduct" of defendant when district court is determining sentence). The sentencing process, however, must still comport with due process requirements. Gardner v. Florida, 430 U.S. 349, 358 (1977). Nothing precludes a district court from considering the facts relating to prior or contemporaneous acquittals in imposing a sentence. United States v. Morgan, 595 F.2d 1134 (9th Cir.1979); Walker v. Endell, 850 F.2d 470, 476-77 (9th Cir.), cert. denied, 488 U.S. 926 (1988).
 
 
 14
 In Ailemen's case, the district court properly could have relied on the trial proceedings pertaining to the other six charges in fixing his sentence on the passport forgery charge. The district court did not use the mere fact that Ailemen was charged with the crimes, but referred to its perception of Ailemen's testimony. In particular, the district court referred to Ailemen's apparent perjury, a factor especially relevant to sentencing concerns. "A defendant's truthfulness while on the witness stand is probative of his prospects for rehabilitation.... Thus, an assessment by a sentencing judge that a defendant has perjured himself is a proper consideration in determining the length of a sentence within the appropriate statutory range for a particular crime." United States v. Martinez-Navarro, 604 F.2d 1184 (9th Cir.1979) (citations omitted), cert. denied, 444 U.S. 1084 (1980).
 
 
 15
 Moreover, there was more than a minimal factual basis to the drug trafficking charges. The government had evidence of Ailemen's drug dealings. Although the jury did not find Ailemen guilty beyond a reasonable doubt, the district court had enough of a factual basis for the other crimes to consider them for sentencing purposes.[2] Judge Conti heard all the testimony during the trial and was, therefore, able to give the evidence the appropriate weight in fixing Ailemen's prison sentence. See United States v. Sweig, 454 F.2d 181, 183-84 (2d Cir.1972) (when sentencing judge hears testimony on charges for which defendant was acquitted, judge may weigh it in sentencing).
 
 
 16
 B. Imposition of a $10,000 Fine Was Improper.
 
 
 17
 The government admits that it failed to note that the passport charge occurred before the effective date of the Sentencing Guidelines and so it improperly recommended a fine of $250,000--the maximum under the Guidelines. Because the Guidelines do not apply to the passport crime, the maximum fine is $2,000--the amount prescribed under 18 U.S.C. § 1542. Thus, that portion of the sentence imposing the fine must be vacated and remanded to the district court.
 
 III. CONCLUSION
 
 18
 Ailemen's five-year sentence is AFFIRMED; his $10,000 fine is VACATED; and this matter is REMANDED for imposition of a fine not to exceed $2,000.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendant and the Government agree that the first six counts occurred after November 1, 1987, the effective date of the Sentencing Guidelines. Count seven occurred before that date
 
 
 [2]
 Because the district court could have considered the evidence from the crimes for which Ailemen was acquitted, it is not necessary for us to consider whether there was sufficient evidence on the passport charge to sentence Ailemen to the maximum