FILED

**NOT FOR PUBLICATION**

JAN 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50634 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01582-LAB-1 |
| v. | |
| MARTIN SANDOVAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 7, 2011
Pasadena, California

Before:  D.W. NELSON, GOULD, and IKUTA, Circuit Judges.

Martin Sandoval was convicted for conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  The district court then granted the government's motion to compel Sandoval's testimony in a co-

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

defendant's trial pursuant to 18 U.S.C. § 6002. At Sandoval's sentencing, the district court imposed a sentence of 97 months, at the high end of the Guidelines range, partly because it determined that Sandoval lied during his compelled testimony in his co-defendant's trial.

Sandoval first argues that the district court erred in using his compelled testimony against him at sentencing, violating § 6002, which provides that:

> no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

§ 6002. This argument is precluded by *United States v. Martinez-Navarro*, in which we held that the district court did not violate § 6002 when it considered the defendants' lies during the compelled testimony at sentencing because no incriminatory facts were used to increase the sentence, only the fact the defendants perjured themselves. 604 F.2d 1184, 1186–87 (9th Cir. 1979). "[A]n assessment by a sentencing judge that a defendant has perjured himself is a proper consideration in determining the length of a sentence within the appropriate statutory range for a particular crime." *Id.* at 1186. Here, the district court sat through both trials, was familiar with pertinent facts, and had a basis on which to determine that Sandoval had perjured himself in his compelled testimony. We

conclude that the district court properly considered that Sandoval lied when sentencing him to a sentence within and at the top of the Guidelines range.

Sandoval next argues that the district court's consideration of the fact that he lied on the stand violates his Fifth Amendment privilege against compulsory self-incrimination. We reject this argument because the Fifth Amendment "provides no protection for the commission of perjury." *United States v. Thomas*, 612 F.3d 1107, 1127 (9th Cir. 2010) (quoting *United States v. Apfelbaum*, 445 U.S. 115, 127 (1980)).

Sandoval further contends that even if the district court's use of his compelled testimony was not in violation of § 6002, he was entitled to rely on the district court's promise in open court that the testimony of Sandoval in his co-defendant's trial would not be used against him during Sandoval's sentencing. Sandoval points to two Ninth Circuit cases holding that a defendant is allowed to rely on what the judge represents to him during his plea colloquy and sentencing, arguing that the same guarantee should apply here. *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (oral pronouncement at sentencing controls over written judgment); *United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir. 1995) (judge's oral pronouncement controls over a plea agreement waiver). Here, the district court assured Sandoval that "nothing he says can be used

adversely against him." However, the district court did not expressly promise that it would not use the act of lying against Sandoval. Rather, in context, we read the district court's comment to mean that the facts and admissions Sandoval made could not be used against him. Further, Sandoval did not rely on the judge's oral pronouncement in the same way as did the defendants in *Munoz-Dela Rosa* and *Buchanan*. Sandoval was under an absolute duty to testify truthfully regardless of any promises made by the district court. We conclude that the district court's promises did not preclude it from considering in sentencing that Sandoval lied in his compelled testimony.

Sandoval also argues that the district court erred in determining that its role was ministerial when granting the motion to compel and that there should have been an evidentiary hearing and adversarial process. Defendant waived this issue by not objecting during sentencing. Even if he had raised the issue, § 6003(a) states that the district court "shall issue, . . . upon request of the United States attorney for such district, an order requiring such individual to give testimony . . . ." § 6003(a). The decision whether to grant immunity rests with the United States, not with the court. *See McCoy v. Commissioner*, 696 F.2d 1234, 1237 (9th Cir. 1982). Sandoval did not allege prosecutorial misconduct or other abuse. The

-4-

district court did not err in determining that its duty to grant the motion was ministerial.

Finally, Sandoval argues that the district court erred in increasing his sentence without making specific findings of materiality in applying an obstruction of justice enhancement. We reject this claim. The district court explained that it was not giving Sandoval an obstruction of justice enhancement. Instead, it concluded that there was enough leeway in the Guidelines range to take into account Sandoval's false testimony. The district court fairly explained its reasoning for the sentence it imposed and did not abuse its discretion.

AFFIRMED.

*United States v. Sandoval*, 10-50634

NELSON, Senior Circuit Judge, dissenting:

I respectfully dissent. I would remand to the district court for resentencing.

This case is clearly distinguishable from *United States v. Martinez-Navarro*, 604 F.2d 1184 (1979) (per curiam). There, both defendants gave sworn, executed statements implicating a third co-defendant as part of a smuggling conspiracy but later offered contradictory testimony at the co-defendant's trial. *Id.* at 1186. Here, by contrast, Sandoval did not make a sworn, executed statement implicating another person, and, by inference, inculpating himself. In addition, the defendants in *Martinez-Navarro* suffered convictions based in part on stipulated facts, *id.*, but Sandoval did not stipulate to any facts. Instead, the evidence in support of the underlying conviction came from Sandoval's purported confession. DEA agents testified at trial that Sandoval confessed. However, the agents did not record the confession, and the record does not contain anything to support the agents' claims that Sandoval confessed. Moreover, Sandoval vigorously denies that he ever confessed. In fact, he has been steadfast in claiming his innocence.

Even more troubling, the district court promised not to consider Sandoval's compelled testimony at sentencing, but reneged on that promise by finding that Sandoval lied and by taking that factor into account. The district court concluded that Sandoval lied based on untested criteria not subjected to the due process

safeguards present in a full-blown trial. As conceded at oral argument, the Government could have prosecuted Sandoval for perjury but chose not to do so.

While the sentence imposed on Sandoval falls within the applicable Guidelines range, it exceeded the Government's recommendation considerably. The district court may have imposed a lesser term if it had not considered Sandoval's testimony at Prado-Segura's trial. Because the panel cannot determine the harmlessness of the error based on the record before it, I would remand for resentencing. *See Williams v. United States*, 503 U.S. 193, 202–03 (1992).