NELSON, Senior Circuit Judge,
dissenting:
I respectfully dissent. I would remand to the district court for resentencing.
This case is clearly distinguishable from United States v. Martinez-Navarro, 604 F.2d 1184 (9th Cir.1979) (per curiam). There, both defendants gave sworn, executed statements implicating a third co-defendant as part of a smuggling conspiracy but later offered contradictory testimony at the co-defendant’s trial. Id. at 1186. Here, by contrast, Sandoval did not make a sworn, executed statement implicating another person, and, by inference, inculpating himself. In addition, the defendants in Martinez-Navarro suffered convictions based in part on stipulated facts, id., but Sandoval did not stipulate to any facts. Instead, the evidence in support of the underlying conviction came from Sandoval’s purported confession. DEA agents testified at trial that Sandoval confessed. However, the agents did not record the confession, and the record does not contain anything to support the agents’ claims that Sandoval confessed. Moreover, Sandoval vigorously denies that he ever confessed. In fact, he has been steadfast in claiming his innocence.
Even more troubling, the district court promised not to consider Sandoval’s compelled testimony at sentencing, but reneged on that promise by finding that Sandoval lied and by taking that factor into account. The district court concluded that Sandoval lied based on untested criteria not subjected to the due process safeguards present in a full-blown trial. As conceded at oral argument, the Government could have prosecuted Sandoval for perjury but chose not to do so.
While the sentence imposed on Sandoval falls within the applicable Guidelines range, it exceeded the Government’s recommendation considerably. The district court may have imposed a lesser term if it had not considered Sandoval’s testimony at Prado-Segura’s trial. Because the panel cannot determine the harmlessness of the error based on the record before it, I *657 would remand for resentencing. See Williams v. United States, 503 U.S. 193, 202-03, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).