**In re William J. LYSEN a witness before the Special January 1974 Grand Jury.**

**No. 74 GJ 5.**

United States District Court, N. D. Illinois, E. D.

May 9, 1974.

Thomas D. Decker, Federal Defender Program, Inc., Chicago, Ill., for witness.

Michael D. Marrs and Robert Semmer, Asst. U. S. Attys., Chicago, Ill., for government.

MEMORANDUM AND ORDER ON GRAND JURY WITNESS' MOTION TO VACATE IMMUNITY ORDER

ROBSON, Chief Judge.

The witness, William J. Lysen, moves this court to vacate its order granting immunity under 18 U.S.C. §§ 6002, 6003 on February 26, 1974.[1] As a background for this motion, it should be noted that this witness was convicted in 73 CR 265, in January, 1974, of 22 counts of violations of 18 U.S.C. § 1341 and § 2315. Lysen is presently appealing that conviction, although he has already commenced serving the sentences imposed by Judge Bauer.

The witness bases this motion upon two grounds: 1) his pending appeal

1. The court is informed that the witness Lysen has not appeared before the grand jury since the order granting immunity was entered.

would be prejudiced if he was now compelled to testify before a grand jury under the grant of immunity. (The witness did not testify on his own behalf during the trial of 73 CR 265.) The movant asserts that the government's appellate strategy would be affected by his answers to questions before the grand jury;[2] and 2) the grant of use immunity is not co-extensive with the privilege against self-incrimination because § 6002 merely proscribes the use of witness' testimony in criminal cases and "leaves open the possibility that that testimony compelled of [the movant] would be admissible in other proceedings in which the privilege may be claimed, such as the liens, jeopardy assessments and forfeitures to which he is *potentially* subject." Brief of Witness Lysen, p. 2 (Emphasis added.) These contentions shall be dealt with separately by the court.

I.

The witness' first argument ignores two important facts. First, the defendant's appeal is based upon alleged errors in the *trial* record. Matters that may now be disclosed to a grand jury cannot be made a part of the record on appeal by the government. Second, grand jury testimony that may be given by this witness would be protected by the traditional veil of secrecy that protects all matters before a grand jury from disclosure. Rule 6(e), F.R.Crim. Proc. This witness' claims that his rights on appeal would be prejudiced by his compelled testimony before the grand jury are without merit.

II.

The second argument set forth by this witness is premature on its face. The witness apparently fears that matters that may be disclosed to the grand jury may expose him to certain tax liabilities. However, the witness' brief implicitly acknowledges that the Internal Revenue Service *has not yet* asserted any liens or made any jeopardy assessments. Brief of Witness Lysen, pp. 2 and 5. Thus, the court need not decide this issue.

III.

The witness' final argument in support of his motion is that if any immunity is granted it should be granted under 18 U.S.C. § 2514, which provides "transactional" immunity, as opposed to 18 U.S.C. § 6002, which provides for a more limited "use" immunity. The argument is based on the witness' contention that the petition for an order granting immunity presented to this court stated that the grand jury was investigating possible violations of 18 U.S.C. § 1951 and that "§ 2516(1)(c) specifies that an investigation of § 1951 is a ground for the issuance of transactional immunity under § 2514." Brief of Witness Lysen, p. 6. The court's review of § 2514 and § 6002 does not reveal that the use of one section as opposed to the other is mandated in any particular type of investigation. It would appear that Congress intended prosecutors to have sole discretion in determining which type of immunity, if any, would be sought in a particular case. The fact that § 2514 will no longer be a part of Title 18 after December 15, 1974,[3] may indicate that Congress

2. Lysen also asserts that his answers to questions before the grand jury could be employed to his detriment should a motion to reduce sentence be made to the trial judge. This contention seems to ignore the possibility Lysen's cooperation now before the grand jury *may* work in his favor on a motion to reduce sentence. A witness who assists the government in rooting out pernicious crimes certainly would be given more consideration on such matters than one who refuses to cooperate.

3. The Organized Crime Control Act of 1970, § 227(a), P.L. 91–452 provides that: "Section 2514 of title 18, United States Code, is repealed effective four years after the effective date of this Act." *See*, In re Brown, 329 F.Supp. 422, 425 (S.D.Ia.1971).

preferred the "use" immunity conferred in § 6002 to the "transactional" immunity of § 2514. The court is of the opinion that a prosecutor seeking an order conferring immunity upon a witness has sole discretion to determine the type of immunity to be granted.

The court has considered the other arguments raised by the witness and found them to be without merit.

Accordingly, the witness Lysen's motion to vacate the immunity order entered by this court February 26, 1974, shall be, and the same is hereby, denied.