**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Houston WATKINS, Defendant-Appellant.**

**No. 74-1287.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 21, 1974.

Decided Nov. 19, 1974.

---

**546**

Roland J. Steinle, Jr., Cedarburg, Wis., for defendant-appellant.

William J. Mulligan, U. S. Atty., Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before FAIRCHILD, Circuit Judge, KILKENNY, Senior Circuit Judge,* and SPRECHER, Circuit Judge.

PER CURIAM.

Appellant was subpoenaed to testify in the United States District Court for the Eastern District of Wisconsin in a case involving a bank robbery, in which appellant and another allegedly participated. Although granted use immunity under 18 U.S.C. § 6002, he declined to answer any questions involving his knowledge of the robbery. He was adjudged in contempt and appeals.

Appellant contends that because of the exception contained in the statute, the immunity granted was not coextensive with his Fifth Amendment privilege against self-incrimination because the statute does not immunize him from prosecution for having previously given false testimony to federal and state law enforcement agencies. We disagree.

■■ A similar contention has been considered and rejected in United States v. Alter, 482 F.2d 1016 (CA9 1973) and United States v. Doe, 361 F.Supp. 226 (E.D.Pa.1973), aff'd. 485 F.2d 682 (CA3 1973), cert. denied 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 886 (1974). Each of the cases holds that the exception refers to future perjury, future false statements or future failure to comply with the immunity order, rather than previous acts. We agree. This interpretation of the statute is fully consistent with Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The State of Wisconsin is required to give appellant the same protection as that provided for federal prosecutions under § 6002. Murphy v. Waterfront Comm'n., 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

The decision upon which appellant principally relies, In re Baldinger, 356 F.Supp. 153 (C.D.Cal.1973), was overruled *sub silentio* in *Alter, supra.*

The judgment of the district court is affirmed.

* Senior Circuit Judge John F. Kilkenny of the United States Court of Appeals for the Ninth Circuit is sitting by designation.