**In re GRAND JURY PROCEEDINGS.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Victor MENA, Defendant-Appellant.**

**No. 81–5810.**

United States Court of Appeals, Ninth Circuit.

Decided Oct. 14, 1981.

Filed Nov. 27, 1981.

Manuel U. A. Araujo, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Andrea Sheridan Ordin, U. S. Atty., William F. Fahey, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, NELSON and REINHARDT, Circuit Judges.

PER CURIAM:

Mena appeals the district court's order holding him in contempt for his failure to testify before a federal grand jury after having been granted "use" immunity pursuant to 18 U.S.C. § 6002. We affirmed the contempt order on October 14, 1981 and now set forth the basis for our affirmance.

Mena was convicted on 31 counts of a 34-count indictment charging him with con-

* The Honorable William P. Copple, United States District Judge, District of Arizona, sit-    ting by designation.

spiracy, bribery, false statements to a Government agency, and theft of Government funds. After his conviction, Mena was served with a subpoena requiring him to testify before a federal grand jury. The district court granted Mena "use" immunity for his testimony pursuant to 18 U.S.C. § 6002. Mena appeared before the grand jury and, asserting his Fifth Amendment privilege against self-incrimination, refused to testify.

■ A contempt hearing was held in the district court regarding Mena's refusal to testify. Mena contended that he had just cause to refuse to testify because the federal grant of immunity did not adequately protect him against the use of his testimony in any subsequent state prosecution. The district court rejected this defense and held Mena in contempt. Mena filed a notice of appeal pursuant to 28 U.S.C. § 1826.[1]

■ A witness called before a grand jury may be held in contempt if he refuses "without just cause" to testify. 28 U.S.C. § 1826. Mena contends on appeal, as he did below, that the federal grant of immunity does not protect him from a subsequent state prosecution based upon his testimony before the federal grand jury. He contends specifically that: (1) Fed.R.Crim.P. 6(e) does not prohibit the disclosure of his testimony to state authorities; and (2) no decision of either the Supreme Court or this court expressly prohibits the use in *state* court of testimony obtained pursuant to a *federal* grant of immunity. Because of his fear that his testimony might be used in a potential state prosecution, Mena argues that he has just cause for refusing to testify before the federal grand jury.

We need not reach Mena's first argument regarding Fed.R.Crim.P. 6(e) because we reject his second claim that there is no controlling authority for the proposition that testimony obtained under a federal grant of immunity may not be used in a state prosecution.

In *Murphy v. Waterfront Commission of New York Harbor*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), the Supreme Court was confronted with the issue whether the Fifth Amendment privilege against self-incrimination applied to the states, and, if so, "whether one jurisdiction within our federal structure may compel a witness, whom it has immunized from prosecution under its laws, to give testimony which might then be used to convict him of a crime against another such jurisdiction." *Id.* at 53, 84 S.Ct. at 1595–96. The Court concluded that the Fifth Amendment applied to the states, and, addressing the effect of this holding on state immunity legislation, further held that, as a matter of constitutional law, evidence obtained pursuant to a state grant of immunity could not be used in a subsequent federal prosecution. *Id.* at 78–79, 84 S.Ct. at 1609. It bears emphasis that although the Court's ruling applied on its face only to the issue before it, *i. e.*, the effect of state immunity on federal prosecutions, the Court nonetheless noted that:

> [s]ince the [Fifth Amendment] privilege is now fully applicable to the State and to the Federal Government, the basic issue is the same whether the testimony is compelled by the Federal Government and used by a State, or compelled by a State and used by the Federal Government.

*Id.* at 53 n.1, 84 S.Ct. at 1596 n.1.

Mena argues that this language is dictum. As a technical matter, we agree.

---

1. The pendency of Mena's appeal was not brought to this panel's attention until some 10 days after the notice of appeal had been filed. Because this court is required to decide such appeals within 30 days of the filing of the notice of appeal, the appeal was heard on the basis of the appellant's opening brief and a motion to dismiss filed by the Government. This court held telephonic oral argument on October 14, 1981 to allow the parties to present any additional arguments not contained in their written submissions.

Due to difficulties in obtaining adequate notice of the filing of appeals under 28 U.S.C. § 1826, this court has promulgated 9th Cir. R. 28 which requires counsel to notify this court immediately of the pendency of such a recalcitrant witness appeal. This rule became effective October 1, 1981, and we take this opportunity to stress the need for strict compliance with the rule's provisions.

Mena further argues that this court has never expressly addressed the issue presented here. Again, we agree. We do not agree, however, that these facts alone support Mena's conclusion that the issue remains sufficiently unsettled to justify his refusal to testify.

Although *Murphy* did not address the exact issue presented by Mena, we have little trouble concluding that its reasoning controls this case. First, the dictum in *Murphy* suggests that the Court intended to apply its rule with equal force to both the state and the federal systems. Second, other circuit courts have applied *Murphy* to factual situations analogous to the facts of this case. *See, e. g., In Re Bianchi*, 542 F.2d 98, 101 (1st Cir. 1976); *In the Matter of Disclosure of Testimony Before the Grand Jury*, 580 F.2d 281, 288 (8th Cir. 1978). Third, the Supreme Court itself has indicated in subsequent opinions that *Murphy* applies with equal force to state and federal grants of immunity. *See Kastigar v. United States*, 406 U.S. 441, 456–57, 92 S.Ct. 1653, 1662–63, 32 L.Ed.2d 212 (1972).

We thus conclude that Mena's interpretation of *Murphy* and its progeny is unjustifiably restrictive and does not provide just cause for his refusal to testify. This conclusion is underscored by Mena's failure to provide the court with any arguments why the reasoning of *Murphy* should not apply to this case. Insofar as this circuit has not expressly held that a state may not use testimony and its fruits obtained pursuant to a federal grant of immunity, we do so now based upon our reading of *Murphy*.

We are careful to note that our holding here should not be construed as a general pronouncement on the scope of the "just cause" provision of 28 U.S.C. § 1826. In other situations, the fact that this court had not addressed an issue might well constitute just cause for declining to testify before a grand jury. Indeed, were the state of the law less clear and had Mena presented colorable claims why *Murphy* should not apply to this case, we would not hesitate to find that he was justified in refusing to testify. Such is not the case, however, and our evaluation of the relevant authority compels the conclusion that the district court's contempt order here was proper. We therefore affirm.