Rollins C. SNELLING, Jr.,
Witness-Appellant,

v.

UNITED STATES of America, Appellee.

No. 83–2162.

United States Court of Appeals,
Tenth Circuit.

Oct. 24, 1983.

David A. Ogilvie, Denver, Colo. (Joseph Saint-Veltri, Denver, Colo., with him on brief), for witness-appellant.

John O. Martin, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., with him on brief), for appellee.

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Rollins C. Snelling (Snelling) appeals from a contempt order entered against him by the United States District Court for the District of Colorado. This order resulted from Snelling's refusal to answer questions

before a grand jury despite an order granting immunity pursuant to the *Organized Crime Control Act of 1970*, 18 U.S.C. § 6002, *et seq.*

Snelling argues on appeal that the United States Attorney mistakenly relied upon the *Organized Crime Control Act* immunity provision in requesting the district court to grant him "use immunity." [1] Snelling claims that since the grand jury presumably was investigating drug trafficking, the United States Attorney should have acted pursuant to the immunity provision contained in the *Controlled Substances Act of 1970*, 21 U.S.C. § 884.[2]

There is no indication, in our view, that Congress intended that the United States Attorney should be tied to the use of the *Controlled Substances Act* immunity provision whenever drugs are the subject of a given investigation.[3] Such a requirement would be pointless owing to the common effect and meaning of the various use immunity statutes. Although worded differently, these statutes serve the common purpose of preventing the future use of immunized statements in *any* court—state or federal.[4] Thus, Snelling would receive no greater protection pursuant to the *Controlled Substances Act* statute than under the *Organized Crime Control* statute; both were intended to be as broad as, but no broader than, the privilege against self-incrimination. *See U.S. v. Apfelbaum,* 445 U.S. 115, 123, 100 S.Ct. 948, 953, 63 L.Ed.2d 250 (1980); *Reina v. U.S.,* 364 U.S. 507, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960).

Because the immunity granted by the district court pursuant to the *Organized Crime Control Act* is co-extensive with the witness' privilege against self-incrimination, it was sufficient to compel his testimony over a claim of that privilege. *Kastigar v. United States,* 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972)

We therefore hold that the district court did not err in holding Snelling in contempt for this refusal to testify.

WE AFFIRM.

1. 18 U.S.C. § 6002 provides, in pertinent part: Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—
   (1) a court or grand jury of the United States, ... and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

2. 21 U.S.C. § 884 provides, in pertinent part:
   (a) Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before a court or grand jury of the United States, involving a violation of this subchapter, and the person presiding over the proceeding communicates to the witness an order issued under this section, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination. But no testimony or other information compelled under the order issued under subsection (b) of this section or any information obtained by the exploitation of such testimony or other information, may be used against the witness in any criminal case, including any criminal case brought in a court of a State, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

3. The decision to grant or deny immunity is within the sole discretion of the executive branch of Government. *U.S. v. Lenz,* 616 F.2d 960, 962 (6th Cir.1980). Inherent in this discretion is the power to decide what type of immunity should be granted. *In re Lysen,* 374 F.Supp. 1122, 1123 (D.C.Ill.1974).

4. Immunity statutes not expressly mentioning their applicability to state proceedings have nonetheless been interpreted as applying to all proceedings—state and federal. *Reina v. United States,* 364 U.S. 507, 510, 81 S.Ct. 260, 262, 5 L.Ed.2d 249 (1960). A grant of immunity from one sovereign, federal or state, must be recognized by the other sovereign. *In re Bianchi,* 542 F.2d 98, 101 (1st Cir.1976). *U.S. v. Watkins,* 505 F.2d 545, 546 (7th Cir.1974).