In re GRAND JURY
PROCEEDINGS, NO. 84–4,

Appeal of Gilbert B. HARTMANN,
Antonio Reyes Espinoza, and
Ricardo A. Gomez, Appellants.

Nos. 85–2109 to 85–2111
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 22, 1985.

L. Aron Pena, Edinburg, Tex., for appellants in Nos. 85–2109, 85–2111.

Helen M. Eversberg, U.S. Atty., Richard L. Durbin, Jr., Asst. U.S. Atty., San Antonio, Tex., for appellee.

J.A. Canales, Nancy M. Simonson, Corpus Christi, Tex., for appellants in No. 85–2110.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

PER CURIAM:

In these consolidated cases, three grand jury witnesses facing state prosecution appeal the orders of the district court compelling their testimony pursuant to 18 U.S.C. § 6002 and the subsequent orders holding them in contempt for refusing to testify. Noting that the immunity provided under § 6002 is coextensive with the protection provided by the Fifth Amendment and pertains to state criminal prosecutions as well as to federal prosecutions, we affirm the district court's orders.

### FACTS AND PROCEDURAL HISTORY [1]

Appellants, Antonio Reyes Espinoza, Gilbert B. Hartmann, and Ricardo A. Gomez, were convicted in a jury trial of substantive and conspiracy charges of possession of marijuana with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) & 846. None of the appellants testified at the trial. Their appeals from the federal convictions are pending in this Court. Two state proceedings were also initiated against the appellants involving the same marijuana seizure as in the federal case. One of the state cases, Cause No. 83–997, has been dismissed. The other state case, Cause No. 83–662, remains on the docket in Guadalupe County, Texas.

Following their convictions, appellants were subpoenaed to testify before a federal grand jury in San Antonio, Texas, in the investigation of Juan Frank Garcia and others. At the request of the United States Attorney pursuant to 18 U.S.C. § 6003, the district court entered anticipatory orders pursuant to § 6002 compelling the testimony of all appellants, and granting them immunity in any criminal prosecution according to the provisions of § 6002.[2] Appellants, however, refused to testify, asserting their privilege against self-incrimination under the Fifth Amendment.[3] After being informed by the district court of the § 6002 provisions for immunity, of the court's determination that their defenses would not apply, and of the possibility that they would be held in contempt of court for continued refusal to testify, appellants again all indicated that they would not an-

---

1. By an order we have issued simultaneously with this opinion, portions of the record in the court below which were sealed by that court's order have been ordered unsealed to the extent that they appear in this opinion.

2. Section 6002 provides in pertinent part that:
   Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—
      (1) a court or grand jury of the United States,
         *    *    *    *    *    *
   and the person presiding over the proceeding communicates to the witness an order issued

under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

3. The amendment provides in pertinent part that "No person ... shall be compelled in any criminal case to be a witness against himself...." U.S. Const. amend. V.

swer any of the grand jury's questions. The district court subsequently issued orders holding each of the appellants in civil contempt pursuant to 28 U.S.C. § 1826(a).[4] Appellants were ordered confined in custody until the expiration of the term of the grand jury on March 18, 1986. Appellants have filed timely notices of appeal from the orders to compel testimony (§ 6002) and from the contempt orders (§ 1826(a)). The appeal is before this Court under the expedited review provision of 18 U.S.C. § 1826(b).

## ANALYSIS

Appellants present the following arguments on appeal: that the immunity granted to them under § 6002 is not coextensive with the protection provided by the Fifth Amendment and would not protect them from criminal prosecution by the State of Texas or in a new federal trial if their appeals from their federal convictions are successful or from prosecution on any other collateral offense ranging from an Internal Revenue Service violation to racketeering and that any immunity should have been granted before their convictions for the crimes being investigated.

### a) *Coextensiveness with Fifth Amendment*

■ Appellants' argument that § 6002 does not provide protection coextensive with that of the Fifth Amendment has been addressed by the Supreme Court in *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), wherein the Court "conclude[d] that the immunity provided by 18 U.S.C. § 6002 leaves the witness and the prosecutorial authorities in substantially the same position as if the witness had claimed the Fifth Amendment privilege." *Id.* at 462, 92 S.Ct. at 1666. The Court further found that "[t]he immunity ... is coextensive with the privilege and suffices to supplant it." *Id.; accord In re Gilboe*, 699 F.2d 71, 74 (2d Cir.1983); *In re Corrugated Container Antitrust Litigation*, 661 F.2d 1145, 1154 & n. 13 (7th Cir.1981), *aff'd sub nom. Pillsbury Co. v. Conboy*, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983); *United States v. Martinez-Navarro*, 604 F.2d 1184, 1186 (9th Cir.1979), *cert. denied sub nom. Enriquez-Sanchez v. United States*, 444 U.S. 1084, 100 S.Ct. 1041, 62 L.Ed.2d 769 (1980); *In re Kilgo*, 484 F.2d 1215, 1220 (4th Cir.1973). Accordingly, appellants' argument that they are entitled to continue to invoke the Fifth Amendment privilege because the immunity granted under § 6002 is not coextensive with the former protection is without merit.

### b) *State Prosecution*

■ Appellants have argued that they fear state prosecution based on the testimony sought by the federal grand jury. Their contention is that the "use immunity" provided by the district court's orders would not provide any protection in a state proceeding.[5] This belief, although shared by the district court, is in error. State courts are required to respect the immunity granted under § 6002. This Court has observed that "[t]he State of Texas would be barred from making use of any [grand jury] testimony obtained under a federal grant of immunity." *United States v. Armstrong*, 476 F.2d 313, 316 (5th Cir. 1973) (citing *Murphy v. Waterfront Com-*

---

**4.** Section 1826(a) provides in pertinent part that:

  (a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify ..., the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of—

  (1) the court proceeding, or

  (2) the term of the grand jury, including extensions,

before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

**5.** Appellants' contention is based in part on the following interchange at the hearing:

  MR. PENA [counsel for appellants Hartmann and Gomez]: ... However, there's still matters before the state Court, which I don't believe this Court can immunize.

  THE COURT: That's correct.

*mission of New York Harbor,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964)); *accord In re Bianchi,* 542 F.2d 98, 101 (1st Cir.1976) ("The requirement that every sovereign, state or federal, recognize immunity granted by another sovereign ... protects appellant from the use of his grand jury testimony in any state prosecution."); *United States v. Watkins,* 505 F.2d 545, 546 (7th Cir.1974). Appellants are as protected from state prosecution as from federal prosecution, but may have been legitimately concerned about their protection from state prosecution in view of the court's comment and a pending case against them in state court.

Nevertheless, the § 6002 orders compelling testimony and the civil contempt orders were properly entered against appellants. The requirements of the statutes are clear: recalcitrant witnesses may be compelled to testify by the grant of immunity and may be held in contempt for refusal to testify pursuant to a court order. *See* 18 U.S.C. § 6002 & 28 U.S.C. § 1826. Although the district court erred in telling appellants that the federally granted immunity would not apply to their prosecution in state court, it did tell them that they would be protected [6] and they were informed of the provisions of § 6002 which by its explicit language provides protection "in *any* criminal case" (emphasis added). These assurances, especially concerning the provisions of § 6002, are sufficient to sustain the subsequent contempt orders. Any remaining reservations that appellants may have about the use of their grand jury testimony in a state criminal proceeding should be allayed by this Court's explicit holding based on clear precedent from this and other circuits as well as from the Supreme Court of the United States that the immunity granted to them will protect them to the same extent in a state prosecution as in a federal prosecution. *See, e.g.,*

*Kastigar,* 406 U.S. at 460, 92 S.Ct. at 1664; *In re Grand Jury Proceedings,* 662 F.2d 532, 533–34 (9th Cir.1981); *Armstrong,* 476 F.2d at 316.

### (c) *Other Prosecutions*

■ Appellants have also expressed their concern about reprosecution of their federal convictions and other possible prosecutions on collateral matters. Appellants would be protected against the use of their grand jury testimony in a subsequent federal reprosecution by the immunity provided under § 6002. Further, they would be protected against prosecution for any other criminal charges to the extent that the basis for such charges is derived from their testimony before the grand jury because such testimony can not be used to develop "investigatory leads." *See Kastigar,* 406 U.S. at 460, 92 S.Ct. at 1664.

### (d) *Immunity after Conviction*

■ Appellants argue that the time of effective immunity would have been before their convictions, given that the inquiry by the grand jury concerned the offenses for which they had been convicted. They argue, therefore, that they should not have been held in contempt for refusing to answer the grand jury's questions. Section 6002 does not require that its immunity be conferred prior to prosecution. It is within the discretion of the Justice Department to determine when to confer use immunity under the statute. *See, e.g., United States v. Doe,* — U.S. ——, ——–——, 104 S.Ct. 1237, 1244–48, 79 L.Ed.2d 552, 562–67 (1984).

AFFIRMED.

---

**6.** The court stated that the government "may not spread any of this information beyond this Grand Jury without getting a firm 6–E order [*see* Fed.R.Crim.P. 6(e) ] as to the express use and the express place where it was to be done. If that's done, ... the fear of foreign prosecution under the Fifth Circuit law is virtually nil.

It just doesn't exist, and it is no longer a valid defense if, in fact, the Court takes measures to be sure that your clients are protected." The court had previously referred to the possibility of prosecution in Guadalupe County as in a foreign court.