968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY PROCEEDINGS.
Richard Kenneth THOMPSON, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
In re GRAND JURY PROCEEDINGS.
Daniel McSORLEY, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 92-35412, 92-35419.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1992.*
Decided July 20, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On April 30, 1992, Richard Kenneth Thompson and Daniel Joseph McSorley ("the witnesses") were held in civil contempt pursuant to 28 U.S.C. § 1826(a) for refusing to testify before a federal grand jury investigating the interstate transportation of stolen goods. Thompson appealed on May 1, and McSorley appealed on May 5, 1992.[1]
 
 
 3
 Thompson and McSorley are both serving 30-month state sentences for burglary and theft of the property whose interstate transportation is the subject of the grand jury's investigation. The district court, believing it would violate norms of comity to interrupt the witnesses' state sentences, ordered them confined for six months following their release from state custody. The order permits the witnesses to purge their contempt by testifying before their federal sentences begin, but provides "[i]f, after commencing but before completing the contempt sentence, [the witnesses] recant[ ] [their] refusal to testify and compl[y] with the compulsion order, the Court will determine in its discretion whether that compliance purges [the] contempt for [the] purpose of setting aside any remaining portion of the contempt sentence." We have jurisdiction under 28 U.S.C. §§ 1291 and 1826 and we affirm in part and vacate in part.
 
 
 4
 The witnesses, who were offered use immunity in district court, claim that fear of retaliation in prison and the chance that leaked testimony might be used against them in future and pending state proceedings gave them just cause for refusing to testify. They claim, moreover, that the district court's contempt order is invalid because it is neither civil nor criminal. We reject with these arguments.
 
 
 5
 We review the district court's finding of contempt for abuse of discretion. In re Grand Jury Proceedings (Doe), 801 F.2d 1164, 1167 (9th Cir.1986) (per curiam). "No federal court in a reported decision has held that fear of retaliation is sufficient reason to refuse to testify. We ... follow the reported decisions of those courts which have already held that fear of physical harm does not excuse a witness from testifying." In re Grand Jury Proceedings, 914 F.2d 1372, 1375 (9th Cir.1990) (quoting Dupuy v. United States, 518 F.2d 1295 (9th Cir.1975).
 
 
 6
 We have held, moreover, that "a state may not use testimony and its fruits obtained pursuant to a federal grant of immunity," In re Grand Jury Proceedings (Mena), 662 F.2d 532, 534 (9th Cir.1981), and the Supreme Court has imposed on the prosecution in future cases "the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." Kastigar v. United States, 406 U.S. 441, 460 (1972). Accordingly, "a witness whose appeal is pending may be compelled to testify by a grant of use immunity." In re Grand Jury Proceedings (Garcia-Rosell), 889 F.2d 220, 222 (9th Cir.1989). There is no precedent for allowing the witnesses' fears to deprive the grand jury of needed testimony. Thus, we affirm the district court's findings of contempt.
 
 
 7
 Whether the district court's contempt sanction is valid is a more difficult question. The appellants urge us to invalidate the order because it purports to impose a criminal penalty in the context of a civil proceeding. The government urges us to uphold the order as a valid punishment for criminal contempt.[2] We decline to do either.
 
 
 8
 When a proceeding is civil in all respects save the addition of a single improper criminal penalty, the correct approach is to strike the criminal penalty and allow the remainder of the civil judgment to stand. Penfield Co. v. Securities & Exchange Commission, 330 U.S. 585, 595 (1947). 18 U.S.C. § 1826 authorizes a district court to order a recalcitrant witness confined "until ... the witness is willing to give ... testimony," but not beyond "the life of ... the term of the grand jury, including extensions."
 
 
 9
 The grand jury term is scheduled to expire on December 31, 1992. Oregon has abolished parole, and the witnesses, sentenced under the state's sentencing guidelines, are not due to be released until late in 1993. Accordingly, unless the witnesses' state convictions are overturned on appeal before the end of the year or unless the grand jury term is extended significantly, the district court's order will have no coercive effect at all.
 
 
 10
 Because of these possibilities, however, the order's civil, coercive effect is not wholly vitiated. We uphold the order to the extent that it serves the legitimate civil purpose of coercing the witnesses to testify before the grand jury. We vacate the punitive provisions of the order. In accordance with 18 U.S.C. § 1826, the witnesses may not be confined beyond the life of the grand jury, nor, should they choose to testify before the grand jury, may they be held at the district court's discretion after they have done so.
 
 
 11
 Thompson's attorney has requested permission to give him a copy of her briefs in this appeal in spite of the district court's order that the submissions in this case remain sealed. This request is referred to the district court for consideration in light of its order to seal and Fed.R.Crim.P. 6(e).
 
 
 12
 AFFIRMED IN PART and VACATED IN PART.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 28 U.S.C. § 1826(b) requires that recalcitrant witness appeals be disposed of "as soon as practicable, but not later than 30 days from the filing of [the notice of] appeal." We have held that the 30-day time limit need not be observed where the witness-appellant is not confined pursuant to the contempt order. See, e.g., In re Federal Grand Jury Witness (Lemieux), 597 F.2d 1166, 1168 (9th Cir.1979) (confinement stayed pending appeal and no party prejudiced by additional time taken for deliberation); Brown v. United States, 465 F.2d 371 (9th Cir.1972) (30-day limit not observed where appellant was free and no party prejudiced by additional time). We granted both appellants' requests to extend the briefing schedule because the court reporter was hospitalized and could not produce transcripts according to the original time schedule. As a result, disposition of these cases was delayed beyond the statutory limit
 
 
 [2]
 The government asks us, in the alternative, to decide squarely whether comity prohibits a federal court from interrupting a state sentence and to modify or remand the district court's order. This we decline to do. Because the district court did not interpose the federal sentence in the witnesses' state terms, the comity question is not before us